IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 1:12-CR-14 |
| v. | § | |
| | § | |
| | § | |
| | § | |
| ERIC WAYNE PARK | § | |

REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 23, 2021, alleging that the Defendant, Eric Wayne Park, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

## I. The Original Conviction and Sentence

Park was sentenced on August 23, 2012, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Park was subsequently sentenced to 78 months' imprisonment followed with 3 years' supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse treatment; 90 days residential reentry center; and $100 special assessment.

## II.  The Period of Supervision

On April 10, 2019, Park completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising eight allegations.  The petition alleges that Park violated the following conditions of release:

| CONDITION | NATURE OF NONCOMPLIANCE |
|---|---|
| **Allegation 1**<br>Mandatory<br>The defendant shall not commit another federal, state, or local crime.<br><br>**Allegation 2**<br>Mandatory<br>The defendant shall not unlawfully possess a controlled substance. | On July 1, 2020, in Liberty County, Texas, Park is alleged to have committed the State Jail felony offenses of Possession of a Controlled Substance in Penalty Group 1 (methamphetamine), less than 1 gram, and Possession of a Controlled Substance in Penalty Group 2 (MDMA/Ecstasy), less than 1 gram. Additionally, on the same date he is alleged to have committed the Class B misdemeanor offense of Possession of a Drug Test Falsification Device. Daisetta, Texas police reports indicate a traffic stop was initiated on Park for speeding. He appeared nervous and advised the police officer there were drugs in the vehicle. A probable cause search yielded two pill bottles with 2 skull-shaped MDMA/Ecstasy tablets, and a baggie containing methamphetamine, respectively. Park verbally acknowledged the methamphetamine and advised the officer a friend gave him the pills to "give him energy". Police also recovered a box in the trunk labeled Magnum Detox Novelty Synthetic Urine, and he admitted using the substance to falsify drug tests. Park was transported to the Liberty County Jail without incident, and remained there until being transferred into federal custody on July 20, 2020. These charges are currently still pending and have yet to be formally accepted by the state. |

**Allegation 3**

Mandatory

The defendant shall refrain from any unlawful use of a controlled substance.

On February 11 and 28, 2020, Park submitted urine specimens positive for marijuana. Lab testing confirmed the results and he verbally admitted using marijuana on each occasion.

**Allegation 4**

Standard

The defendant shall refrain from excessive use of alcohol land shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

On May 25, 2021, Park submitted a urine specimen positive for methamphetamine. Lab testing confirmed the results and he signed a written admission form.

**Allegation 5**

Special

The defendant shall participate in a program of testing and treatment for substance abuse, under the guidance and direction of U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

On March 12, 2020 and May 27, 2020, Park left his substance abuse treatment sessions early at New Path Counseling. On June 24, 2020, Park failed to submit a random urine specimen as directed at New Path Counseling. On June 21, 2021, Park failed to report to the U.S. Probation Office to submit a urine specimen as directed.

**Allegation 6**

Standard

The defendant shall not leave the judicial district without the permission of the court or probation officer.

On or about January 16, 2020, Park traveled to Sulphur, Louisiana for the purpose of filling a prescription. He did not have permission to travel to Louisiana and verbally admitted this violation.

**Allegation 7**

Mandatory
The defendant shall not commit another federal, state, or local crime.

On April 13, 2020, Park is alleged to have committed the Class C misdemeanor offense of Theft. Contact with the Vidor Police Department learned that Park received Citation No. E00036438-01 for shoplifting cat litter, a litter box, and chewing gum at the local Walmart. According to the Vidor, Texas Municipal Court, Park failed to appear on March 30, 2021 and the case remains pending at this time without a warrant.

**Allegation 8**

Standard
The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On June 21, 2021, Park failed to report to the U.S. Probation Office in Beaumont, Texas as instructed.

## IV.  Proceedings

On July 15, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the fourth allegation that claimed he possessed a controlled substance.   In return, the parties agreed that he should serve a term of 14 months' imprisonment, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by possessing a controlled substance, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14  months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to refrain from possessing a controlled substance.  Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violation is a Grade C violation, and the criminal history category is VI.  The policy statement range in the Guidelines Manual is 8 to 14  months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 14 months with no term of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to abstain from possessing a controlled substance.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 14 months' imprisonment with no term of supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.   The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report. The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 20th day of July, 2021.

_____
Zack Hawthorn
United States Magistrate Judge